1  J. Carlos Fox, SB#137928
2  333 H Street, Suite 5000
   Chula Vista, California 91910
3  (619) 721-3650
   attorneyfox@jcarlosfox.com
4  Attorney for Plaintiff, Jose Juarez M.

5

6

7

8            **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10              **SAN DIEGO CALIFORNIA**

11 Jose Juarez M.,                          )  Case #:  **'24 CV 1288 H     KSC**
                                            )
12              Plaintiff,                  )  **COMPLAINT FOR:**
                                            )
13 vs.                                      )  1. **FEDERAL TRADEMARK**
                                            )     **INFRINGEMENT AND**
14                                          )     **UNFAIR COMPETITION;**
   Lizette Juarez; Carlos Gabriel          )  2. **TRADEMARK**
15 Torres;                                  )     **INFRINGEMENT UNDER**
                                            )     **CALIFORNIA COMMON**
16                                          )     **LAW;**
   Mariscos El Negro Durazo, Inc.,         )  3. **UNFAIR COMPETITION**
17                                          )     **UNDER CALIFORNIA**
              Defendants.                   )     **BUSINESS AND**
18                                          )     **PROFESSIONS CODE**
                                            )     **§§17200 *et seq*;**
19                                          )  4. **FALSE ADVERTISING –**
                                            )     **CALIFORNIA BUSINESS**
20                                          )     **AND PROFESSIONS CODE §**
                                            )     **17500 *et seq*;**
21                                          )  5. **INTERFERENCE WITH**
                                            )     **PROSPECTIVE BUSINESS**
22                                          )     **ADVANTAGE;**
                                            )  6. **CANCELLATION OF**
23                                          )     **CORPORATE**
                                            )     **REGISTRATION;**
24                                          )  7. **ACCOUNTING;**
                                            )  8. **TEMPORARY,**
25                                          )     **PRELIMINARY AND**
                                            )     **PERMANENT INJUNCTIVE**
26                                          )     **RELIEF**
                                            )
27                                          )
                                            )
28 _____         )

**LAW OFFICES OF J. CARLOS FOX**
333 H Street, Suite 5000, Chula Vista, CA 91910

1

COMPLAINT

Plaintiff, Jose Juarez M. brings this action against Defendants Lizette Juarez; Carlos Gabriel Torres; and Mariscos El Negro Durazo, Inc. for (1) injunctive relief and damages for unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) injunctive relief and damages for violation of California state common trademark law; (3) unfair competition under California Business and Professions Code § 17200 et seq.; (4) false advertising under California Business and Professions Code § 17500 et seq.; (5) interference with prospective business advantage under California common law; (6) cancellation of corporate registration; (7) for accounting, and (8) temporary, preliminary and permanent injunctive relief as hereinafter alleged.

## JURISDICTION AND VENUE

1.      These claims arise under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 et seq., and under California statutory and common law, including Cal. Bus. & Prof. Code § 17200 et seq. and Cal. Bus. & Prof. Code §§ 17500 et seq. This Court has original jurisdiction over the subject matter of the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States and are so related to the

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts. 15 U.S.C. §§ 1501 *et seq.*

2.    This Court has specific personal jurisdiction over defendants as they reside in this judicial district or have purposefully committed, within this state and this federal district, the acts from which these claims arise.

3.    Venue is proper in the United States District Court for the Southern District pursuant to to 28 U.S. C. §§ 1391(b) and 1391(c) in that defendants reside in this District, transact affairs in this District and a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## **THE PARTIES**

4.    Plaintiff Jose Juarez M is a resident of San Diego County, State of California.

5.    Defendant Lizette Juarez is a resident of San Diego County, State of California.

6.    Defendant Carlos Gabriel Torres is a resident of San Diego County, State of California.

7.    Defendant Mariscos El Negro Durazo, Inc. is a California Corporation, Entity #5791981, registered on June 26, 2023, with principal offices in San Diego, California, and Defendant Lizette Juarez listed as the

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

Incorporator, Chief Executive Officer, Chief Financial Officer, and Secretary.

## **GENERAL ALLEGATIONS**

8.      Plaintiff Jose Juarez M opened his first "Mariscos Negro Durazo" in 1984 in Sinaloa, Mexico as a family owned and run restaurant.  In 1997 he opened his restaurant of the same name in Tijuana, Mexico, followed by his first restaurant in Chula Vista, California in 2007.

9.  Plaintiff has continuously operated restaurants using the name Mariscos Negro Durazo in the San Diego area since 2007.

10.      Plaintiff began using his now ubiquitous logo as early as January 1, 1984 in Mexico, and first used the logo in commerce in California as early as July 1, 2007.



4

11.     On November 21, 2014 Plaintiff filed his registration of his trademark with the United States Patent and Trademark Office (USTPO) and was assigned Registration Number 86462027.

12.     On November 21, 2014 the USTPO issued a Registration Certificate, Registration Number 4,776,606. (See Exhibit 1, a true and correct copy of the Mariscos Negro Durazo registration certificate.)

13.     Defendant Carlos Gabriel Torres is Plaintiff's former son-in-law. During his marriage to Plaintiff's daughter, Defendant Torres and Plaintiff's daughter, with the consent and financial support of Plaintiff, operated an expansion of Plaintiff's business known as "BIRRERIA NEGRO DURAZO."

14.     During his marriage Defendant Torres became aware of Plaintiff's trade secrets, trademarks and operating methods, as well as access to Plaintiff's trademarked logo.

15.     In or about October of 2022 divorce proceedings were initiated and Defendant Carlos Gabriel Torres divorced Plaintiff's daughter. Prior thereto, he left his responsibilities at Plaintiff's restaurants, and at some time thereafter married Defendant Lizette Juarez (no relation to Plaintiff.)

16.     As part of the divorce proceedings on September 12, 2023 Defendant Torres was awarded the use and possession of the restaurant located at 1604

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

5

COMPLAINT

E. 18th Street, National City, California, the Spring Valley Swap meet, and at 415 Broadway, Chula Vista, California. Plaintiff, however, was not a party to nor did Plaintiff consent to the use of his trademarks at those locations by Defendant Torres.

17.     Defendant Torres continued to operate the restaurant location after the divorce using Plaintiff's trademark and name without first obtaining Plaintiff's authorization or consent.

18.     On information and belief, Defendant Torres earned over $20,000 per week for an as yet unknown period of time improperly operating a restaurant using Plaintiff's trademark.

19.     On information and belief, and at a date after not yet ascertained, Defendant Torres, without the authorization or consent of Plaintiff, "sold" the rights to use the "Negro Durazo" name to third parties for $50,000 and improperly facilitated the transfer of one of the restaurants awarded in the divorce under that name and facilitated the operation of a restaurant using Plaintiff's logo by third parties.

20.     Said "sale" of the "Negro Durazo" trademarked name was not authorized in any manner by Plaintiff, the owner of the trademark, nor did Defendants compensate Plaintiff for the unauthorized use of Plaintiff's trademark.

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

21.     On June 23, 2023 Defendant Lizette Juarez caused to be registered with the State of California a corporation by the name of "MARISCOS EL NEGRO DURAZO, INC.", and assigned entity number 5791981.

22.     Most recently, Plaintiff has become aware that Defendants was operating food trucks and offering catering services based at 163 Mace Street, Chula Vista, California 91911 and serving food under the "Negro Durazo name and logo at various locations.





7

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

23.     On information and belief, Plaintiff became aware that Defendant

Torres had sold one of the lunch wagons with Plaintiff's logo and distinctive

colors to a third party, and that lunch wagon continues to operate with

Plaintiff's trademarked name.



8

COMPLAINT

24.     On information and belief, the food truck continues to operate under the "Negro Durazo" brand, and using Plaintiff's logo, without the consent or authorization of Plaintiff.

25.     Defendant also operates a small food cart at the Spring Valley Swap Meet again using Plaintiff's trademark without Plaintiff's authorization or consent:



26.     On information and belief, the food preparation and storage on said cart is not compliant with any sanitary standards; food is prepared and stored

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

9

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

on the floor, and consuming any product from Defendant's facilities exposes the general public to sickness, and potentially exposes Plaintiff for reputational damage as well as damage claims based Defendants' false association with Plaintiff's successful and well-respected business.

27.     Defendants also operate web sites on Instagram, Facebook, Instagram, and DoorDash using Plaintiff's logo:

    a.  https://www.facebook.com/Birrierianegrodurazo/

    b.  https://www.doordash.com/store/birrieria-negro-durazo-national-city-27723952/

    c.  https://www.instagram.com/birrierianegrodurazo



COMPLAINT

28.     Plaintiff then became aware that Defendants had claimed that one of the food trucks had been stolen, and had arranged a fund raiser falsely using Plaintiff's trademarked logo to raise money:



LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

29.     On May 31, 2024, through counsel, all Defendants were provided a "safe harbor" opportunity by way of a "Cease and Desist" letter providing Defendants an opportunity to avoid litigation by desisting their improper use of Plaintiff's trademarks, and termination of the corporate filing of "Mariscos El Negro Durazo, Inc." with the Secretary of State of California.

30.     Defendants collectively failed to respond to the cease-and-desist demand, and failed to terminate the corporate filing as requested by Plaintiff.

### PLAINTIFF'S EXCLUSIVE USE

31.     Plaintiff Jose Juarez M. is the sole owner and senior user of MARISCOS NEGRO DURAZO marks in connection with restaurant and food services, having used the mark continuously in commerce in the United States since no later than 1984 in connection with such goods and services, and no later than 2007 in the San Diego, California area.

32.     Evidence of Plaintiff's use in commerce and ownership of the MARISCOS NEGRO DURAZO marks includes without limitation:

a.  Since no later than the year 2007, Plaintiff has owned and continuously operated restaurants in San Diego County using the name MARISCOS NEGRO DURAZO and has

COMPLAINT

**LAW OFFICES OF J. CARLOS FOX**
333 H Street, Suite 5000, Chula Vista, CA 91910

also used the name NEGRO DURAZO for other types of food services.

b. On November 21, 2014 the USTPO issued a Registration Certificate, Registration Number 4,776,606 for Plaintiff's logo for "Restaurant Services, in class 43 (U.S. CLS. 100 and 101).

## **NEGRO DURAZO**

33. The salient term in Plaintiff's mark is the term NEGRO DURAZO, as well as trademarked logo consists of the words "MARISCOS NEGRO DURAZO". A stylized fish inside of a circle and floating above the top half of the circle is a crab, an octopus, a lobster, and a clam shell. Each of these items are separated by double lines. Above the floating sea animals is the word "MARISCOS". The bottom of the circle is cover by the word "NEGRO" and below the word "NEGRO" is the word "DURAZO".

## **CONFUSION CAUSED BY DEFENDANTS**

34. Defendants, individually and collectively, have engaged in multiple instances of usurpation of Plaintiff's marks to advertise the goods and services of Defendants, including without limitation the following:

a. Selling a franchise of a "Negro Durazo" restaurant for $50,000 to a third party.

COMPLAINT

b. Using Plaintiff's marks to advertise and sell food services on food trucks and stands at various locations in San Diego County.

c. Providing catering services using Plaintiff's mark to unwary customers.

d. Operating a restaurant under the "Negro Durazo" name.

35.  Plaintiff is informed and believes, and based on such information and belief alleges, that as a result of the wrongful conduct of Defendants are taking advantage of Defendants usurpation of Plaintiff's "Mariscos Negro Durazo" marks to mislead consumers into believing that Plaintiff's restaurants are serving the food prepared by Defendants at the restaurants, food carts, stands, and catering events.

36.  As a result of the actions of Defendants and each of them, members of the public are misled into believing that the food served and advertised as being prepared by "Negro Durazo" using Plaintiff's trademarked logo is causing confusion and damage to the reputation of Plaintiff and exposing Plaintiff to damage claims for the unsanitary products being sold to the public.

COMPLAINT

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AGAINST ALL DEFENDANTS)

37.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

38.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

39.     Plaintiff is the owner of the trademark "Mariscos Negro Durazo" and has continuously operated restaurants in San Diego County using that name and the associated logo since no later than the year 2007, and is the senior user of the marks "MARISCOS NEGRO DURAZO" in commerce with goods and services, namely restaurant food services.

40.     Plaintiff obtained the registration of the logo for MARISCOS NEGRO DURAZO in 2014.

41.     Defendant Carlos Gabriel Torres is the former son-in-law of Plaintiff; Defendant Lizette Juarez is the present wife of Defendant Torres, and the incorporator of Defendant El Negro Durazo, Inc.

42.     On information and belief, the first time Defendant's used Plaintiff's marks in commerce was no earlier than June of 2023.

43.     The mark MARISCOS NEGRO DURAZO is an arbitrary mark and is therefore inherently distinctive and entitled to maximum trademark

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

15

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

protection. See *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.*, 618 F.3d 1025, 1033 (9th Cir. 2010).

44.     Plaintiff's MARISCOS NEGRO DURAZO mark is a strong mark in that it has earned widespread recognition and success in the relevant marketplace, i.e. the Mexican Style seafood in the San Diego area for over twenty (20) years.

45.     The mark adopted by Defendants, i.e. "MARISCOS EL NEGRO DURAZO" and their use of BOTH "MARISCOS EL NEGRO DURAZO" and "MARISCOS NEGRO DURAZO" is essentially identical to Plaintiff's mark since the salient term in each mark is the term "NEGRO DURAZO," and further Defendants have adopted and used Plaintiff's trademarked logo on all of their food service businesses.

46.     The channels of trade in which Plaintiff markets its restaurants is identical to the channel of trade in which Defendants now attempt to promote their competing restaurants using the same name that Plaintiff has used in his restaurants for over twenty (20) years.

47.     There is a strong probability of likelihood of confusion arising from Defendant's use of Plaintiff's NEGRO DURAZO mark in connection with Defendant's products and services, and because Plaintiff is not involved in the preparation of these food products the quality and safety of the products

COMPLAINT

served by Defendant cannot be guaranteed by Plaintiff, although a reasonable consumer would wrongly believe they were consuming quality products prepared by Plaintiff and would seek compensation for any damages caused by Defendants' serving unsanitary food.

48.     The fact that defendants chose to append the word "**EL**" to the mark they are using in both commerce and as registered with the Secretary of State, notwithstanding Defendants are using Plaintiff's logo without the appended "EL" on their food truck is a tacit acknowledgment of the existence of another "MARISCOS NEGRO DURAZO, i.e., Plaintiff's, and a vain attempt to justify Defendants' infringement simply by appending "EL" to Plaintiff's mark.

49.     The actions of the Defendants and those operating in concert with them, as alleged herein, constitute infringement of Plaintiff's marks and have caused and stand to cause substantial damage to Plaintiff's reputation and mark.

50.     The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

COMPLAINT

**LAW OFFICES OF J. CARLOS FOX**
333 H Street, Suite 5000, Chula Vista, CA 91910

51.     Defendants' acts of unfair competition are willful and deliberate and performed with the intent to reap the benefit of plaintiff's name, goodwill and reputation.

52.     By reason of Defendants' acts of false designation, description and representation, as alleged above, Plaintiff has suffered, and will continue to suffer, substantial damage to his business reputation and goodwill, as well as loss of profits in an amount not yet ascertained.

53.     Defendants' actions of false designation, description and representation, as alleged above, have caused plaintiff irreparable injury, and defendants threaten to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable injury. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted and threatened by defendants.

## SECOND CLAIM FOR RELIEF
### (STATE TRADEMARK INFRINGEMENT, AGAINST ALL DEFENDANTS)

54.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

55.     Defendants' acts complained of herein constitute trademark infringement under the common law of California.

COMPLAINT

56.     Defendants' conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in a loss of revenue to plaintiff in an amount to be determined.

## THIRD CLAIM FOR RELIEF
**(UNFAIR COMPETITION—CAL. BUS. & PROF. CODE § 17200 ET SEQ., AGAINST ALL DEFENDANTS)**

57.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

58.     The acts and conduct of defendants as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Bus. & Prof. Code § 17200 et seq.

59.     Defendants' violation of federal law [15 U.S.C. § 1114 et seq. and 15 U.S.C. § 1125] and state common law, as alleged above in this Complaint, constitute an unlawful business practice.

60.     Defendant's acts of unfair competition have proximately caused and will continue to cause plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proven at trial. Defendant's acts of unfair competition also have caused and are causing irreparable and incalculable injury to plaintiff and to plaintiff's marks and trade names and to the business and goodwill represented thereby, and unless enjoined, will cause

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

19

COMPLAINT

further irreparable and incalculable injury, for which plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (FALSE ADVERTISING – CAL. BUS. & PROF. CODE § 17500 ET SEQ., AGAINST ALL DEFENDANTS)

61.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

62.     Plaintiff allege based upon information and belief that in engaging the acts described above Defendants have acted and continue to act, directly or indirectly, with the intent to sell, offer and/or induce the public to purchase and/or use and/or disseminate and/or cause to be disseminated before the public, by way of signs, newspaper, other publications or other advertising media, statements concerning Defendant's goods and services which are untrue and/or misleading, and which defendants know are untrue and/or misleading.

63.     By the aforesaid acts, defendants have engaged in and are engaging in false advertising in violation of California Business & Professions Code § 17500 et seq., resulting in injury in fact and loss of money and/or property by plaintiff in an amount to be proven at trial.

COMPLAINT

64.     If defendants are permitted to proceed with the acts as aforesaid, plaintiff will continue to be irreparably injured by reason of defendant's false advertising.

65.     If defendants are permitted to proceed to practice the aforesaid acts of false designation of origin and false description on the public, plaintiff will sustain serious and irreparable injury. Defendants have proceeded and are proceeding with the aforesaid acts deliberately and willfully. Unless preliminarily and permanently enjoined by this Court, Plaintiff is informed and believes and therefore allege that there is a substantial possibility and threat of ongoing false advertisement by Defendants for which Plaintiff are without an adequate remedy at law.

66.     In addition, Defendant's acts, if allowed to proceed and continue, will cause sales of Plaintiff's goods and services to be lost or substantially diminished in value, and may require Plaintiff to prepare and publish corrective advertising to ameliorate confusion caused by Defendant's actions, all to Plaintiff's damage in an as yet unascertained amount. Plaintiff is informed and believes, and therefore allege, that defendant's acts may also result in substantial profits to Defendants, to which Defendants are not entitled.

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

### FIFTH CLAIM FOR RELIEF
### (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE, AGAINST ALL DEFENDANTS)

67.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

68.     This claim for relief arises under the common law of the State of California and is alleged against all Defendants.

69.     Defendants, through their actions, have interfered with the prospective business advantage of Plaintiff by interfering with the right of Plaintiff to exploit and benefit commercially from Plaintiff's marks and the goodwill of the business of Plaintiff's restaurants.

70.     Plaintiff has been damaged by the tortious interference by Defendants with Plaintiff's economic relations in an amount to be determined.

71.     The aforementioned acts of Defendants were and are willful, oppressive and malicious. Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

### SIXTH CLAIM FOR RELIEF
### (CANCELLATION OF CORPORATE REGISTRATION, AGAINST ALL DEFENDANTS)

72.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

73.     On June 26, 2023 Defendant Lizette Juarez wrongfully filed articles of incorporation for "MARISCOS EL NEGRO DURAZO" with the California Secretary of State and was assigned entity number 5791981.

74.     On information and belief, Defendant Juarez acted in concert with her husband, Defendant Carlos Gabriel Torres in filing the incorporation of "MARISCOS EL NEGRO DURAZO."

75.     At the time Defendants Juarez and Torres caused the incorporation to be filed they knew that the trademark "NEGRO DURAZO" did not belong to them, and instead belonged to Plaintiff.

76.     Plaintiff is entitled to cancellation of the corporate registration of "MARISCOS EL NEGRO DURAZO" because it is a direct infringement of Plaintiff's protected mark.

77.     Plaintiff has been damaged by the false statements and registration issued to Defendant's herein, and Plaintiff's continued use of his MARISCOS NEGRO DURAZO marks will be impaired by the continued registration of the similarly named corporation.

### SEVENTH CLAIM FOR RELIEF
### (ACCOUNTING, AGAINST ALL DEFENDANTS)

78.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

79.     Defendants are in possession of information relating to monies paid to Defendants from their misleading and deceptive practices described herein, which represent a misappropriation of monies from Plaintiff. The books, accounts, records, ledgers, etc. which will provide this information are in the possession of Defendant. The amount of damages, profits and interest owing to plaintiff (including the $50,000 franchise fee fraudulently received by Defendant) from defendants cannot be ascertained without an accounting by Defendant.

80.     Defendant have also benefited economically from the usurpation of Plaintiff's trade name and mark without accounting to Plaintiff for the income and profits realized by defendant as a result of such activities.

81.     Plaintiff hereby demand, and are entitled to, an accounting of all monies received by Defendants from their use of Plaintiff's mark and trade name.

## EIGHTH CLAIM FOR RELIEF
### (TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AGAINST ALL DEFENDANTS)

82.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

83.     The continuing wrongful acts of Defendants herein have harmed and continue to harm the interest of Plaintiff in the use of the MARISCOS

24

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

NEGRO DURAZO marks. If this court does not issue a temporary, preliminary and permanent injunction against defendant prohibiting the use of the name "MARISCOS EL NEGRO DURAZO," MARISCOS NEGRO DURAZO and other confusingly similar terms, including without limitation "NEGRO DURAZO," in connection with the goods and services of Defendant's food truck and catering services, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

## **PRAYER**

1.      For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2.      For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

     a. Using the MARISCOS NEGRO DURAZO mark or trade name alone or in combination with any other words or symbols which so resemble plaintiff's mark and name

COMPLAINT

**LAW OFFICES OF J. CARLOS FOX**
333 H Street, Suite 5000, Chula Vista, CA 91910

"MARISCOS NEGRO DURAZO" including without limitation any mark that contains the word "NEGRO DURAZO," as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service which is not Plaintiff's or not authorized by Plaintiff to be sold in connection with each of said marks and name;

b. Using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by Defendants are sponsored by, authorized by, licensed by, or in any other way associated with Plaintiff;

c. Engaging in any other activity constituting an infringement of Plaintiff's mark or trade name or of Plaintiff's rights in, or right to use or to exploit said mark or trade name;

d. Doing or causing to be done any further acts in violation of California Business and Professions Code § 17500 et seq.; and

26

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

e.  Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above;

3.  Cancellation of Corporate entity registration number 5791981 for MARISCOS EL NEGRO DURAZO, INC. with the California Secretary of State.

4.  That the Court direct that Defendants pay Plaintiff's general, special and actual and statutory damages as follows:

a.  Plaintiff's damages and defendants' profits pursuant to 15 U.S.C. § 1117(a) and California Business and Professions Code § 17200 et seq. and § 17500 et seq.;

b.  Such other damages as the Court shall deem to be just and equitable;

c.  Punitive damages, in an amount to be determined by the Court, for Defendants Lizette Juarez and Carlos Gabriel Torres' malicious, willful, intentional, deliberate and tortious conduct; and

d.  Interest, including prejudgment interest, on the foregoing sums;

COMPLAINT

5.      For an accounting of all monies received by Defendants from their activities in connection with the use of the name "MARISCOS NEGRO DURAZO" and "MARISCOS EL NEGRO DURAZO" or any other term that includes the name "NEGRO DURAZO," and disgorgement of same.

6.      That the Court order Defendants to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action; and

7.  That the Court grant to plaintiff such other and additional relief as is just and proper.

Dated: July 24, 2024

/S/ J. Carlos Fox

_____

J. Carlos Fox
Attorney for Plaintiff

COMPLAINT

LAW OFFICES OF J. CARLOS FOX
333 H Street, Suite 5000, Chula Vista, CA 91910

**EXHIBIT 1**

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,776,606**

**Registered July 21, 2015**

JOSE JUAREZ M. (MEXICO INDIVIDUAL)
1001 PASEO DEL PASO
CHULA VISTA, CA 91910

**Int. Cl.: 43**

FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 1-10-1984; IN COMMERCE 7-1-2007.

**SERVICE MARK**

**PRINCIPAL REGISTER**

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MARISCOS" , APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS "MARISCOS NEGRO DURAZO". A STYLIZED FISH INSIDE OF A CIRCLE AND FLOATING ABOVE THE TOP HALF OF THE CIRCLE IS A CRAB, AN OCTOPUS, A LOBSTER, AND A CLAM SHELL. EACH OF THESE ITEMS ARE SEPARATED BY DOUBLE LINES. ABOVE THE FLOATING SEA ANIMALS IS THE WORD "MARISCOS". THE BOTTOM OF THE CIRCLE IS COVER BY THE WORD "NEGRO" AND BELOW THE WORD "NEGRO" IS THE WORD "DURAZO".

THE ENGLISH TRANSLATION OF "MARISCOS" AND "NEGRO" IN THE MARK IS "SEA-FOOD" AND "BLACK".

SER. NO. 86-462,027, FILED 11-21-2014.

KELLEY WELLS, EXAMINING ATTORNEY

Director of the United States
Patent and Trademark Office

Exhibit 1, Page 1

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.   *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:   A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,776,606